UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD CAGE, | Case No. 16-11679 |
| Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| STATE OF MICHIGAN, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 17)

### I. Procedural History and Background

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by plaintiff, a state prisoner currently confined at the Chippewa Correctional Facility, Kincheloe, Michigan, which alleges a number of violations of his rights under the United States Constitution. (Dkt. 1). The case was referred to the undersigned for all pretrial purposes. (Dkt. 14).

Plaintiff filed a motion for a temporary restraining order against the Chippewa Correctional Facility's restriction on photocopying. (Dkt. 17). According to plaintiff, officials at the Chippewa facility refused to photocopy documents to attach to various motions he sought to file with the court for this litigation. (Dkt. 17).

1

For the reasons set forth below, the undersigned recommends that plaintiff's motion for temporary restraining order should be **DENIED**.

## II.  Analysis and Conclusions

Federal Rule of Civil Procedure Rule 65 authorizes the issuance of preliminary injunctions and temporary restraining orders. The court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002).

In deciding a motion for a preliminary injunction, the court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id*. While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. Id. *See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Notably, "where a prison inmate seeks an order enjoining state prison

officials, [courts must] proceed with the utmost care and must recognize the unique nature of the prison setting." *Schuh v. MDOC*, 2011 WL 7139457, *3 (W.D. Mich. Nov. 10, 2011) (citing *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir.1984)).

Plaintiff's failure to show a likelihood of success on the merits is determinative here. Absent a showing of prejudice in pending litigation, even a complete denial of photocopying services does not amount to a denial of access to the courts. *Nali v. Caruso*, 2008 WL 5448085, at *4 (E.D. Mich. Dec. 31, 2008)(citing *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir.1991); *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir.1983); *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980); *Oswald v. Graves*, 819 F.Supp. 680, 683 (E.D.Mich.1994); *Hudson v. Johnson*, 619 F.Supp. 1539, 1544 (E.D.Mich.1985)). Here, plaintiff has not established that he was prejudiced in this litigation by the prisoner photocopy policy. *See Nali*, 2008 WL 5448085, at *4. Plaintiff has failed to show how the refusal to photocopy documents has actually prevented him from meeting deadlines, or otherwise prejudiced him in this litigation, or has in some fashion actually impeded his access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985). Indeed, plaintiff has actually filed the contemplated motions (Dkt.

3

21, 22, 51),[1] which were allegedly jeopardized by the denial of photocopies. (Dkt. 17). The Court is persuaded that plaintiff has failed to make out a prima facie case that the prison's refusal to photocopy all documents submitted by him violated his constitutional rights. Hence, plaintiff has not shown a likelihood of success on the merits and his motion for temporary restraining order must fail.

IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion for temporary restraining order (Dkt. 17) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

---

[1] The Court did strike plaintiff's motions for leave to file supplemental pleadings because plaintiff failed to submit proposed amended complaints as required by Eastern District of Michigan Local Rule 15(a). (Dkt. 21, 51, 70).

4

1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 13, 2016                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on December 13, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: <u>Harold Cage #244367, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.</u>

                                                        s/Tammy Hallwood
                                                        Case Manager
                                                        (810) 341-7887
                                                        tammy_hallwood@mied.uscourts.gov