UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

    Plaintiff,

v.

STATE OF MICHIGAN *et al.*,

    Defendants.
_____/

Case No. 16-11679
Hon. Matthew F. Leitman

### ORDER (1) WITHDRAWING REFERENCE TO MAGISTRATE JUDGE, (2) CONDITIONALLY APPOINTING COUNSEL FOR PLAINTIFF, (3) STRIKING ALL OF PLAINTIFF'S PENDING MOTIONS AND REQUESTS FOR RELIEF WITHOUT PREJUDICE, (4) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF #17), AND (5) PROHIBITING PLAINTIFF FROM MAKING ANY ADDITIONAL FILINGS UNTIL FURTHER ORDER OF THE COURT

This is a pro se prisoner's civil rights action. Plaintiff Harold Cage filed a multi-count Complaint against more than twenty different Defendants who are employed at several different facilities operated by the Michigan Department of Corrections. (*See* ECF #1.) Since filing the Complaint, Plaintiff has filed numerous motions and other documents with the Court. Defendants have also filed two motions – a motion to sever based upon misjoinder of parties and claims and a motion to stay discovery. (*See* ECF ## 43, 46.)

1

The Court has conducted a preliminary review of the docket and has determined that (1) many (if not all) of Plaintiff's filing appear plainly to lack merit and/or to be unauthorized under the governing rules and (2) Defendants' pending motions appear to have merit and are, perhaps, appropriately granted. Given the current state of the docket, the Court believes that the wisest and most efficient course of action is (1) to withdraw the order of reference to the Magistrate Judge (ECF #14) and (2) to conditionally appoint counsel for Plaintiff. Plaintiff has twice requested such an appointment of counsel, and the Court now conditionally grants that request. Accordingly, this case is referred to the Pro Bono Committee. Plaintiff is conditionally granted appointment of counsel provided that the Committee is successful in enlisting pro bono counsel. If the Committee is unsuccessful, counsel will not be appointed and Plaintiff will proceed *pro se* or retain counsel at his own expense.

In addition, the Court **STRIKES WITHOUT PREJUDICE** all of Plaintiff's pending motions and requests for relief (ECF ## 12, 22, 53, 64, 79, 80, 81, 82, 83, 87, and 91).

Upon the appointment of counsel, counsel shall meet with Plaintiff to discuss the case and shall review the filings to date by both Plaintiff and Defendants. Counsel's initial tasks shall be (1) to determine which, if any, of those filings by Plaintiff are proper and/or authorized and (2) to communicate to the

2

Court which, if any, of those appropriate prior filings Plaintiff wishes to reinstate. At that point, the Court will reinstate those prior filings identified as proper by counsel. In addition, appointed counsel shall determine whether it is appropriate for Plaintiff to concur in the relief sought by Defendants in their two pending motions, and counsel shall communicate that determination to the Court.

Finally, on July 28, 2016, Plaintiff filed a Motion for a Temporary Restraining Order. (*See* ECF #17.) The Magistrate Judge issued a report and recommendation (the "R&R") in which she recommended that the Court deny Plaintiff's Motion for a Temporary Restraining Order. (*See* ECF #74.) At the conclusion of the R&R, the Magistrate Judge instructed Plaintiff that he is "required to file any objections within 14 days of service" and that a "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at 4, Pg. ID 1987.) Plaintiff has not filed any objections to the R&R. As the Magistrate Judge informed the parties, the failure to file an objection to a report and recommendation waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object releases the Court from its duty to independently review the matter. See *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Therefore, the Court **ADOPTS** the

Magistrate Judge's recommendation and **DENIES** Plaintiff's Motion for a Temporary Restraining Order (ECF #17).

From this point forward and until further order of the Court, Plaintiff is prohibited from making any additional submissions of any kind to the Court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(313) 234-5113