UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

    Plaintiff,

v.

STATE OF MICHIGAN *et al.*,

    Defendants.

Case No. 16-cv-11679
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING DEFENDANTS' RENEWED MOTION TO SEVER (ECF #113)

## I

This is a *pro se* prisoner civil rights action. In Plaintiff Harold Cage's 358-paragraph Amended Complaint, he brings ten claims against the Michigan Department of Corrections (the "MDOC"), more than 30 MDOC employees employed at different MDOC facilities, and others. (*See* Am. Compl., ECF #84.) His claims arise out of multiple unrelated incidents that took place at different prisons and medical facilities at different times. For example, Cage alleges, among other things, that:

- Certain Defendants employed at the Saginaw Correctional Facility denied him access to the courts and conspired with each other to deny him such access;

- Certain Defendants at the Chippewa Correctional Facility at a different time denied him access to the courts and conspired with each other to deny him such access;

- Certain Defendants employed at the Chippewa Correctional Facility were deliberately indifferent to his medical needs;

- Certain Defendants employed at the Chippewa Correctional Facility subjected him to cruel and unusual punishment when he was placed in "top lock" for five days;

- Certain Defendants retaliated against him for filing grievances by repeatedly transferring him between various MDOC facilities; and

- Certain Defendants at a "Reception and Guidance" medical facility failed to provide him with sufficient catheters.

On May 10, 2018, Defendants Heidi Washington, O'Bell Winn, Jeffrey Woods, David Isard, Carolle Walker, James Zummer, Michael LaCrosse, Steven Rievert, Jillian Salomon, Adam Pancheri, Michael Jones, Aaron Ormsbee, David Theut, Melissa LaPlaunt, Penny Filion, William Williams, Levi Bender, James Southwell, Joseph Cusick and Michael McLean (the "MDOC Defendants") filed a motion in which they ask the Court to sever Cage's unrelated claims pursuant to Federal Rules of Civil Procedure 18, 20, and 21. (*See* ECF #113.) More specifically, they ask the Court to sever and dismiss without prejudice all of Cage's claims *except*

the claims brought against the employees of the Saginaw Correctional Facility in Counts I and VI of Cage's Amended Complaint that relate to Cage's allegations that he was denied access to the courts. (*See id.* at Pg. ID 2899.)

Cage did not respond to the MDOC Defendants' motion in the time allowed by this Court's Local Rules. On June 26, 2018, the Court entered and served upon Cage a written order requiring him to file a written response to the motion by no later than July 24, 2018. (*See* ECF #115.) Cage did not respond to the Court's June 26 order. Nor has he filed any response to the motion or indicated in any way that he needs additional time to respond.

For the reasons that follow, the Court **GRANTS** the motion.

## II

Federal Rule of Civil Procedure 20 provides that "persons … may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative *with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences*; and any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A)-(B) (emphasis added). Under this rule, a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted at*

3

2017 WL 994350 (E.D. Mich. Mar. 15, 2017). As the United States Court of Appeals for the Seventh Circuit has explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th. Cir. 2007). Under Federal Rule of Civil Procedure 21, the proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice. *See* Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). *See also Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

Here, as described above, Cage has brought ten different claims against different groups of Defendants that occurred at different times and at different locations. Most of the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and thus there is no basis for all of them to be brought together in a single action. Moreover, despite the fact that the Court provided Cage significant additional time to respond to the MDOC Defendants'

4

motion – and, indeed, ordered him to so respond – Cage has ignored the Court and the motion.

Accordingly, for all of the reasons stated above, and the reasons stated in the MDOC Defendants' motion, the motion to sever (ECF #113) is **GRANTED**. All of the claims *except* those brought against Defendants Warden O'Bell Winn; Warden's Administrative Assistant Carolle Walker; Resident Unit Manager (RUM) James Zummer; and, Prison Counselor (PC) Steven Rievert in Counts I and VI of Cage's Amended Complaint (related to Cage's allegations that these Defendants denied him access to the court and/or conspired to deny him such access) are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764