UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD CAGE,

     Plaintiff,                              Case No. 16-cv-11679
                                               Hon. Matthew F. Leitman

v.

STATE OF MICHIGAN *et al.*,

     Defendants.

_____/

## <u>ORDER OF DIMISSAL WITHOUT PREJUDICE</u>

This is a prisoner civil rights action. In Plaintiff Harold Cage's 358-paragraph Amended Complaint, he brought ten claims against the Michigan Department of Corrections (the "MDOC"), more than 30 MDOC employees employed at different MDOC facilities, and others. (*See* Am. Compl., ECF #84.) His claims arose out of multiple unrelated incidents that took place at different prisons and medical facilities at different times.

For the last nine months, Cage has failed to prosecute his case. Indeed, he has not been in contact with the Court or taken any steps to prosecute this action since March 26, 2018.

On September 20, 2018, this Court issued an order requiring Cage (who is proceeding pro se and who was paroled from prison after he filed this action) and counsel for the Defendants to personally appear for a status conference to be held on October 24, 2018. (*See* ECF #120.) Cage failed to appear. The Court learned from defense counsel

1

that Cage was unable to appear because he had been taken into custody on a parole violation. But Cage had not informed the Court that he had been returned to custody nor did he provide the Court with updated contact information.

On October 24, 2018, the Court entered an order directing Cage to show cause in writing, by December 1, 2018, why this action should not be dismissed for failure to prosecute. (ECF #122.) The Court informed Cage that the action was subject to dismissal if he failed to respond. (*See id.*) The December 1st deadline passed with no word from Cage. For the reasons explained below, the Court now dismisses the action without prejudice.

Federal Rule of Civil Procedure 41(b) provides district courts with the "authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). In applying Rule 41(b), this Court "look[s] to four factors for guidance." *Id.* Those factors are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether the less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Here, these four factors weigh in favor of dismissal. First, Cage is at fault. He failed to update the Court with his correct address, failed to inform the Court that he is back in custody, and failed to respond to the show cause order. Second, Cage's lack of attention

to this action prejudiced the Defendants. His failure to prosecute has left the case in limbo and inhibited the Defendants' ability to move toward a resolution of the claims on the merits. Third, the Court warned Cage that his failure to prosecute could lead to dismissal. Finally, a dismissal without prejudice is the least drastic sanction that will effectively address Cage's failure to prosecute. Such a dismissal is a measured response that, unlike a dismissal with prejudice, does not necessarily bar Cage from forever prosecuting his claims. This Court joins other courts in concluding that a dismissal without prejudice is appropriate under these circumstances. *See e.g. Radley v. Davidson Cty. Sheriff's Office, et. al*, 2013 WL 704465 *1 (M.D. Tenn. Feb. 26, 2013) (adopting the Magistrate Judge's Report and Recommendation to dismiss without prejudice where the plaintiff failed to provide the court with updated contact information); *White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. 2002) (holding that the district court did not abuse its discretion when it dismissed the plaintiff's claim for failure to prosecute where the plaintiff "failed to keep the district court apprised of his current address").

Accordingly, for all the reasons above, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764